**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VENUS VASHER,

    Plaintiff,

v.                                                                          Case No. 2:06-CV-12287-DT

DAWN KABACINSKI, TABITHA KABACINSKI,
LIVONIA VOLKSWAGEN, INC. a/k/a LIVONIA
AUTOPLEX, and SUBARU OF AMERICA, INC.,

    Defendants.
                                               /

**ORDER DENYING DEFENDANT SUBARU'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss filed by Defendant Subaru of America, Inc. ("Subaru"). The court has reviewed the briefs and determines that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

On June 5, 2003, Plaintiff Venus Vasher was involved in a two-car motor vehicle accident with Defendants Dawn Kabacinski and Tabitha Kabacinski ("the Kabacinski Defendants"). (2nd Am. Compl. at ¶¶ 10-11.) Plaintiff claims that the accident occurred when the Kabacinski vehicle failed to stop at an intersection and struck Vasher's vehicle. (*Id.* at ¶ 11.) Before the accident, the Kabacinski vehicle was serviced two times at Defendant Livonia Autoplex ("Autoplex") for alleged brake problems. (*Id.* at ¶¶ 12-13.) The Kabacinski vehicle was manufactured and distributed by Subaru. (*Id.* at ¶14.)

Plaintiff's complaint originated in Wayne County Circuit Court, and was removed by the Kabacinski Defendants to federal court on May 19, 2006. In the original complaint, the Kabacinskis were the only defendants and the claims were limited to allegations of automobile negligence under Mich. Comp. Laws § 500.3135(1). By a stipulated order, an amended complaint was filed on July 18, 2006, adding Autoplex as a defendant. (07/18/06 Order.) Autoplex filed its answer and a notice of non-party fault against Subaru on August 25, 2006. By another stipulated order, a second amended complaint was filed on October 2, 2006, adding Subaru as a defendant under a product liability theory of recovery. (09/28/06 Order.)

On December 5, 2006, Subaru filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) & (6) based on Plaintiff's alleged failure to properly serve Subaru with process and Plaintiff's failure to plead a claim against Subaru within the applicable limitations period. (Def.'s Mot. Br. at 1.) Subaru argues that the product liability claims in Plaintiff's second amended complaint were not filed within the three-year statute of limitations, and should therefore be dismissed under Rule 12(b)(6). (Def.'s Mot. Br. at 6.) Additionally, Subaru argues that because Plaintiff attempted to serve Subaru by facsimile on November 15, 2006, service was defective and dismissal is warranted under Rule 12(b)(5).

Plaintiff responded on December 14, 2006, arguing that Mich. Comp. Laws § 600.2957 authorizes the amendment of a complaint after the identification of a non-party who may have been at fault. (Pl.'s Resp. at 2.)

2

## II.  STANDARD

### A. Rule 12 (b)(5)

Subaru brings its motion under Federal Rule of Civil Procedure 12(b)(5) which provides, in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> . . . (5) insufficiency of process."

Fed. R. Civ. P. 12(b).  "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected."  *Frederick v. Hydro-Aluminum S.A.,* 153 F.R.D. 120, 123 (E.D. Mich. 1994) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *Jackson v. United States*, 138 F.R.D. 83 (S.D. Tex. 1991)).

### B. Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d

635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

#### A. Service of Process

Federal Rule of Civil Procedure 4(h) provides that service upon corporations and unincorporated associations may be effected by any manner prescribed for individuals under Rule 4(e)(1), which in turn allows for service pursuant to the law of the state in which the district court is located.  See Fed. R. Civ. P. 4(h) & (e).  Michigan law allows service upon a corporation by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail.  *See* Mich. Ct. R. 2.105(D)(1)&(2).

4

The parties agree that the summons and complaint were "served" on Subaru via a facsimile sent to Subaru's in-house counsel. (Def.'s Mot. at 2; Pl.'s Resp. at 2.) Service by facsimile is not an acceptable form of service under the Federal Rules of Civil Procedure, unless Subaru has expressly waived service pursuant to Rule 4(d), which it does not appear Subaru has done in this case. *Nichols v. Moore,* 334 F.Supp. 2d 944, 954 (E. D. Mich. 2004) ("Under the Federal Rules of Civil Procedure, service of process may not be effectuated by facsimile transmission."). While Rule 4(h)(1) provides that service may be effected consistent with the law of the state in which the court is located, Michigan law does not allow service upon a corporation by facsimile. *See* Mich. Ct. R. 2.105(D)(2)&(4).

The Sixth Circuit Court of Appeals, however, has held that "if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.1952); *see also Frederick,* 153 F.R.D. at 123 (same) (citing *Maichok v. Bertha-Consumers Co.*, 25 F.2d 257 (6th Cir. 1928); *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir. 1983); *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 65 (5th Cir. 1981)). Thus, while Plaintiff's first attempt at service was insufficient, the court will deny without prejudice Subaru's request to dismiss until Plaintiff is given another opportunity to effect service on Subaru.[1] The court will allow Plaintiff 28 days from the date of this order to

---

[1] Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the court shall dismiss the action without prejudice as to that defendant. It is now past the 120 day deadline, and Plaintiff has not properly effected service on Subaru. Nonetheless, the court finds "good cause" to extend the time to serve Subaru, based on the pendency of this motion and Plaintiff's apparent belief that service was proper.

5

effect service on Subaru and file a return.  If the return of service is not filed before 5:00 p.m. on the 28th day, the court will dismiss Subaru without prejudice.  *See* Fed. R. Civ. P. 4(m).

### B. Statute of Limitations

Subaru also argues that Plaintiff's claims against Subaru should be dismissed under Rule 12(b)(6), which provides that a complaint will be dismissed when it fails to state a claim upon which relief could be granted.  Subaru asserts that Plaintiff's product liability claims are barred by the applicable statute of limitations and should be dismissed because the second amended complaint was not filed within the three-year statue of limitations.  *See* Mich. Comp. Laws § 600.5805(10).  Plaintiff does not dispute that the second amended complaint was filed outside of the applicable statute of limitations.  Instead, Plaintiff argues that the Michigan Court Rules expressly allow for amendments, even outside of the statute of limitations, when, as here, the amended pleading is filed within 91 days of a notice of non-party of fault.  (Pl.'s Resp. at 2-4.)[2]

Plaintiff relies on Mich. Ct. R. 2.112(K)(4), which states that "[a] party served with a notice under this sub-rule, may file an amended pleading, stating a claim or claims against the non-party within 91 days of service of the first notice identifying that party." Similarly, Mich. Comp. Laws § 600.2957(2) provides:

---

[2]The parties do not dispute that Michigan law, including its statutes, court rules and case law, controls the statute of limitations issue.  *See Hanna v. Plumer,* 380 U.S. 460, 470 (1965) ("[T]here being no Federal Rule which covered the point in dispute, Erie commanded the enforcement of state law.").

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. *A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.*

Mich. Comp. Laws § 600.2957(2) (emphasis added). Although in this case, no *motion* to file an amended pleading was filed, the court did enter, pursuant to a stipulation, an order allowing the second amended complaint to be filed. (9/28/06 Order.) Further, the second amended complaint was filed within 91 days of the notice of non-party at fault which first identified Subaru. (*See* 8/25/06 Notice.) It thus appears, based on the language of the relevant court rule and statute, that Michigan law allows the addition of a party, even outside of the statute of limitations, under these circumstances.

Nonetheless, Subaru points to *Staff v. Johnson*, 619 N.W.2d 57 (Mich. App. 2000), in which the Michigan Court of Appeals addressed an apparent conflict between Mich. Comp Laws § 600.2957(2) and Mich. Ct. R. 2.112(K)(4). Subaru contends that *Staff* stands for the proposition that, when a non-party at fault is added to a complaint for the first time after the limitations period has expired, the new claims are time-barred. (*See* Def.'s Reply at 3.) Plaintiff, however, disagrees, and argues that *Staff* only held that when the notice procedures of the Michigan Court Rules are *not* followed, a non-party at fault cannot be added for the first time after the limitations period was run. (Pl.'s Resp. Br. at 3.) The resolution of Subaru's motion therefore turns on the correct interpretation of the court's holding in *Staff.*

In *Staff* the court finds language to support *both* parties' positions. The ambiguity results from the *Staff* court's basis for its conclusion that the defendant was entitled to

7

summary disposition. The court explained: "Because plaintiff failed to comply with the notice requirements **and** the litigation commenced after the statutory two-year period, we reverse the trial court's order denying defendants' motion for summary disposition." *Staff*, 619 N.W.2d at 64 (emphasis added). In this case, the heart of the parties' dispute is whether the *Staff* court's reasoning constitutes two alternative bases for dismissing the defendant (Subaru's theory), or one basis with two components (Plaintiff's theory). A close reading of *Staff* reveals Plaintiff's theory to be correct.

In *Staff*, the parties did not comply with the procedures of Mich. Ct. R. 2.112(K), which requires both that the notice of non-party of fault be filed within 91 days of the responsive pleading, Mich. Ct. R. 2.112(K)(3)(c), and that the amended complaint in turn be filed within 91 days of the notice of non-party at fault, Mich. Ct. R. 2.112(K)(4). The plaintiff in *Staff* argued that even though the technical procedures of the Michigan Court Rules were not followed, the language of Mich. Comp Laws § 600.2957(2) nonetheless allowed the filing of the amended complaint outside of the statute of limitations period. *Staff*, 619 N.W.2d at 62. The Michigan Court of Appeals found that, although Mich. Comp Laws § 600.2957(2) did in fact appear to allow the filing, the statute conflicted with Mich. Ct. R. 2.112(K)(3)(c), which only allows amendments if certain procedures are followed. *Id.* at 63. The *Staff* court resolved the conflict in favor of the court rule, because issues regarding statutes of limitation are procedural, not substantive, and in such cases the court rules take precedence. *Id.* at 63-64.

In so holding, the court explained why the statute and court rule conflicted. Specifically, the court stated that the court rule only allowed amendments if the parties follow the specific procedures of Mich. Ct. R. 2.112(K), which "creates an orderly

8

method for adding new parties that takes into account the need for a reasonable time frame for identification of the parties and the right to not be unfairly prejudiced as a result of the parties' failure to act diligently in the pursuit fo their claims." *Id.* at 63.  In contrast, the *Staff* court noted that the statute would seemingly allow amendments *at any stage of the litigation*, without regard to the rights of the additional parties or the court's interest in orderly docket management.  *Id.*

These concerns, however, are simply not present in this case, where the parties *did* comply with the procedures of Mich. Ct. R. 2.112(K).  The notice of non-party at fault was filed within 91 days of Autoplex's responsive pleading, and Plaintiff's second amended complaint was filed within 91 days of the notice of non-party at fault.  The central holding of *Staff* is that because the plaintiff there did not comply with Mich. Ct. R. 2.112(K), the statute of limitations could not be extended.  *Staff*, 619 N.W.2d at 63-64.  Because Plaintiff in this case did comply, the statute of limitations can be extended.  *See United House of Prayer for All People v. United Bldg. Contractros, Inc.*, 428 F. Supp. 2d 688, 693 (E.D. Mich. 2006) (Cohn, J.) (holding that *Staff* does not prohibit the addition of a party after the statute of limitations, so long as the procedures of Mich. Ct. R. 2.112(K) are followed); *Walker v. Nat'l Steel, Corp.*, No. 04-60194, 2005 WL 2649294 at *2-3 (E.D. Mich. Oct. 14, 2005) (Battani, J.) (same).  Although Subaru may believe that the result of Mich. Ct. R. 2.112(K), which effectively gives as much as an 182-day extension to the relevant statute of limitations, is unfair, it is nonetheless clear that such is the effect of the Michigan Supreme Court's construction of the rule.  Accordingly, Subaru's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be denied.

## IV.  CONCLUSION

IT IS ORDERED that Defendant Subaru's "Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) & 6" [Dkt. # 28] is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall serve Subaru and file a return of service within **28 days** from the date of this order.  If a return of service is not filed by 5:00 p.m. on the 28th day, the court will dismiss Subaru without prejudice.


                              s/Robert H. Cleland  
                              ROBERT H. CLELAND  
                              UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2007, by electronic and/or ordinary mail.

                              s/Lisa G. Wagner  
                              Case Manager and Deputy Clerk  
                              (313) 234-5522